UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JOHN BROWN,**

    **Plaintiff,**

v.                                          **Civil Action 1:23-cv-466**
                                                   **Judge Jeffery P. Hopkins**
                                                   **Magistrate Judge Chelsey M. Vascura**

**MATTHEW F. WENKER,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, John Brown, an Ohio inmate who is proceeding without the assistance of counsel, brings this action against the Federal Bureau of Investigation ("FBI"), FBI Agent Matthew F. Wenker, and the United States of America, seeking dismissal of criminal charges, to which Plaintiff eventually pleaded guilty, that arose from an allegedly unconstitutional search of his grandmother's residence. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $74.91 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number 049192) at Butler County Jail is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and

the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I. BACKGROUND

Plaintiff alleges that on January 28, 2022, Defendant Matthew Wenker, an FBI agent, executed a search warrant at Plaintiff's grandmother's residence, and that law enforcement officers used "coercive force" to obtain his grandmother's verbal and written consent to the search. (Compl., ECF No. 1-1, PAGEID #19.) Officers recovered a Schedule II controlled substance and firearms and ammunition from Plaintiff's grandmother's residence, which led to law enforcement officers obtaining a warrant to search Plaintiff's residence. (*Id.*) After Plaintiff was indicted on charges of possession of a controlled substance with intent to distribute and initially pleaded not guilty, a change of plea hearing was held on January 12, 2023, at which time Plaintiff pleaded guilty and the Court accepted his guilty plea. (*Id.*) Subsequently, Plaintiff's criminal attorney informed him that an investigation had been commenced into alleged corruption by Mr. Wenker, and that Plaintiff's criminal case was being "placed on hold." (*Id.*, PAGEID #20.)

Plaintiff's Complaint purports to assert claims under 42 U.S.C. § 1983 for (1) malicious prosecution, (2) illegal search and seizure (false arrest), (3) fabrication of evidence, (4) deprivation of liberty, (5) intentional and negligent infliction of emotional distress, and (6) "Federal Rule Civil Procedure 60(b) return unlawful property seized." (*Id.*, PAGEID #17.) Plaintiff further asks the Court to "dismiss all charges without prejudice" and to award him $1 million for pain, suffering, and emotional distress. (*Id.*, PAGEID #18.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In

3

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> > (i) is frivolous or malicious; [or]
> >
> > (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

As an initial matter, Plaintiff's Complaint invokes 42 U.S.C. § 1983, which governs violations of constitutional rights by "a person acting under color of state law." *See Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). However, Plaintiff's claims are asserted only against the FBI, an individual FBI agent, and the United States of

America. The undersigned therefore evaluates Plaintiff's claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action "allows civil rights claims against federal officials that are analogous to those brought against state officials under 42 U.S.C. § 1983." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Plaintiff does not specify whether he intends to sue Mr. Wenker in his individual or official capacity. To the extent Plaintiff advances official-capacity claims, and to the extent Plaintiff advances claims against the FBI or the United States government, those claims are barred by sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86 (1994) (holding that *Bivens* damages actions may not be brought against federal agencies); *Miller v. F.B.I.*, 149 F.3d 1183 (6th Cir. 1998) (Table) (holding that sovereign immunity precludes a *Bivens* action against a federal agency or official in their official capacity for damages); *Witter v. Johanns*, No. 2:07-CV-510, 2008 WL 4404298, at *10 (S.D. Ohio Sept. 23, 2008) ("No *Bivens* claim may be asserted against a federal agency or a federal official in his official capacity.").

Turning to any remaining individual-capacity claims against Mr. Wenker, Plaintiff alleges that the criminal process instituted against him is based on corruption and "fruits of the poisonous tree" in connection with the allegedly unconstitutional search of his grandmother's residence. The Court therefore construes Plaintiff's *Bivens* claims to allege that Mr. Wenker violated Plaintiff's Fourth Amendment right to be free of unconstitutional searches and seizures.

Plaintiff's Complaint fails to state a claim on which relief can be granted. "To succeed on a *Bivens* action, a plaintiff must first establish a constitutional violation." *Hill v. Lappin*, 630 F.3d at 471. Plaintiff's claims appear to rest on the proposition that Defendant Wenker engaged in some unspecified "corruption" that warrants dismissal of the charges against Plaintiff. But Plaintiff does not support his allegations of corruption with any facts. Plaintiff's conclusory

allegation that the evidence against him was somehow obtained illegally is not sufficient to raise a plausible inference under *Iqbal* that Plaintiff's constitutional rights were violated. Further, any "coercive force" used to obtain Plaintiff's grandmother's consent to the search of her residence is of no moment, because Plaintiff also alleges that Mr. Wenker obtained a warrant to search his grandmother's residence. Accordingly, Plaintiff's grandmother's consent, or lack thereof, does not affect the validity of the search.

Moreover, to the extent Plaintiff seeks to collaterally attack his conviction, his claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). "*Heck* blocks a state prisoner's § 1983 claim if its success 'would necessarily imply the invalidity of his conviction or sentence.'" *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (quoting *Heck* at 487).[1] The undersigned recognizes that Fourth Amendment claims do not always rest on a theory that would necessarily imply the invalidity of a prisoner's sentence (because even if evidence were obtained through an unlawful search or seizure, the conviction might yet be preserved by, *e.g.*, the inevitable discovery or good faith exceptions). *See Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008). However, Plaintiff here complains not only of an unreasonable search, but also of his "deprivation of liberty" and seeks "dismiss[al] of all charges." (Compl., ECF No. 1-1, PAGEID #17–18.) It is difficult to read Plaintiff's Complaint as anything other than a collateral attack on his conviction. "The idea [of the *Heck* doctrine] is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus." *Sampson* at 881 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)). Accordingly, to the extent Plaintiff's claims rest on

---

[1] "[T]he *Heck* holding applies equally to an action brought under *Bivens*." *Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1998).

7

allegations of unlawful confinement resulting from an unlawful conviction, he must pursue relief through habeas channels.

In sum, Plaintiff's official-capacity claims against Mr. Wenker and his claims against the FBI and the United States are barred by sovereign immunity, his factual allegations are insufficient to raise a plausible inference that his constitutional rights were violated under *Bivens*, and Plaintiff's collateral attack on his conviction is barred by *Heck*. It is therefore **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

### IV.    DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. In addition, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                                                      */s/ Chelsey M. Vascura*
                                                                                      CHELSEY M. VASCURA
                                                                                      UNITED STATES MAGISTRATE JUDGE